FILED — ENTERED
LODGED — RECEIVED

JUN 07 2006   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                          DEPUTY

SEA 1695 No Bunn.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTINA JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>BARBARA MASON; METROPOLITAN LIFE INSURANCE COMPANY, aka METLIFE,<br><br>        Defendants. | No.: **C06-0789RSL**<br><br>NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441<br><br>06-CV-00789-CMP |

TO:        CLERK OF THE COURT
AND TO:   Plaintiff
AND TO:   Frank R. Siderius, Siderius, Longergan & Martin, LLP, Attorneys for Plaintiff
AND TO:   Barbara Mason, Defendant

    Defendant Metropolitan Life Insurance Company ("MetLife") submits the following Notice of Removal to the United States District Court, Western District of Washington, at Seattle, and in support thereof states as follows:

    1. There is a certain action presently pending in the Superior Court of Washington, King County Case No. 06-2-16050-9 SEA, wherein Cristina J. Jackson is the Plaintiff and Barbara Mason and Metropolitan Life Insurance Company, aka MetLife, are the named Defendants.

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C.   Page 1
§ 1441:
No.:

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

2. The Summons and Complaint has not been served upon MetLife, but MetLife is informed and believes that defendant Barbara Mason was served on or about May 24, 2006. A copy of the Summons and Complaint are attached hereto as Exhibit "A."

3. This is a civil action in which this United States District Court has original jurisdiction under the provisions of both 28 U.S.C. §1331 and 28 U.S.C. § 1332. Federal question jurisdiction exists here, in that the distribution of funds in question is dependent upon federal statues, 5 U.S.C. §8701, *et seq.*, and federal regulations 5 C.F.R. Part 870-874 and the Complaint claims entitlement to insurance proceeds on the life of the deceased, Robert Frank Jackson, under a group life insurance policy (the "FEGLI Policy") issued to the United States Office of Personnel Management pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"). This action may be removed to this Court pursuant to 28 U.S.C. §1441.

4. At all times relevant hereto, Robert Frank Jackson, the deceased insured individual whose life insurance proceeds are the subject of this civil action, was an employee of the Department of the Army, Civil Service Division. As an eligible employee, he was covered under the FEGLI Policy.

5. Upon the death of Robert Frank Jackson, MetLife became obligated to pay the proceeds of such coverage under the FEGLI Policy pursuant to 5 U.S.C. §8705. A lawsuit for payment of FEGLI benefits arises under federal law, since federal authority alone authorizes payment of FEGLI benefits.

6. On the face of the Complaint, Plaintiff made no separate or independent claim under state law or otherwise against MetLife. Therefore, no state law claim is present, nor would one, if alleged, predominate over Plaintiff's claim relating to the insured's coverage under the FEGLI Policy, which is the subject of this dispute, and hence, is properly removable.

7. Jurisdiction based on diversity of citizenship is also present, in that Plaintiff

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441:    Page 2
No.:

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone 206.292.8930

alleges in the Complaint that she is a resident of the State of Washington and further alleges that defendant Mason is a resident of the State of Hawaii. Defendant MetLife is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York.

8. Plaintiff seeks damages under the policy, which exceed $75,000, exclusive of interest and costs.

9. The provisions of 28 U.S.C. §1332 apply because this action is between citizens of different states with an amount in controversy that exceeds $75,000, exclusive of interest and costs.

10. Defendant Barbara Mason has consented to this removal. Attached hereto as Exhibit B is her written consent.

11. This Notice of Removal is timely because it is being filed within thirty (30) days after the service of the initial pleading, in accordance with 28 U.S.C. §1446(b).

12. WHEREFORE, Defendant Metropolitan Life Insurance Company hereby gives notice of the removal of this action from the Superior Court of Washington, King County, to the United States District Court, Western District of Washington, at Seattle.

DATED: June 7, 2006

BULLIVANT HOUSER BAILEY PC

/s/ Medora A. Marisseau
Medora A. Marisseau, WSBA # 23114
E-mail: medora.marisseau@bullivant.com
Brian K. Keeley, WSBA #32121
E-mail: brian.keeley@bullivant.com
Attorneys for Defendant Metropolitan Life
Insurance Company
BULLIVANT HOUSER BAILEY PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

3493876.1
NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. Page 3
§ 1441:
No.:

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

Exhibit A

FILED

06 MAY -9 PM 2: 10

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

CRISTINA J. JACKSON,

        Plaintiff,

        v.

BARBARA MASON; METROPOLITAN LIFE INSURANCE COMPANY, aka MET LIFE,

        Defendants.

NO. - 06-2-16050-9 SEA

SUMMONS

TO THE DEFENDANT: A lawsuit has been started against you in the above entitled court by Cristina J. Jackson, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this summons, excluding the day of service, if served within the State of Washington, and within 60 days after service of this summons upon you, exclusive of the day of service, if served out of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney you are entitled to notice before a default judgment may be entered.

    You may demand that plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you

SUMMONS - 1.

ORIGINAL

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 28th day of April, 2006.

Frank R. Siderius, of
SIDERIUS, LONERGAN & MARTIN, LLP
Attorneys for Plaintiff
WSBA #7759

SUMMONS - 2.

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-3600
FAX (206) 624-2905

CHARLES W. MERTEL

FILED

06 MAY -9 PM 2: 10

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| CRISTINA J. JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>BARBARA MASON; METROPOLITAN LIFE INSURANCE COMPANY, aka METLIFE,<br><br>        Defendant. | 06-2-16 0 5 0 🔲 🔲 SEA<br><br>COMPLAINT FOR RECOVERY OF INSURANCE PROCEEDS |

COMES NOW plaintiff and for cause of action alleges as follows:

I.

Plaintiff, Cristina J. Jackson, is a resident of Federal Way, King County, Washington.

II.

Defendant, Barbara Mason, resides at 87-2611 Mamalahoa Highway, Captain Cook, Hawaii, 96704.

III.

Defendant, Metropolitan Life Insurance Company, also known as MetLife, is an insurance company doing business in all fifty states, including Washington.

COMPLAINT FOR RECOVERY OF
INSURANCE PROCEEDS - 1.

ORIGINAL

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

## IV.

Plaintiff was married to Robert Frank Jackson, who died on December 5, 2005. A life insurance policy insuring Robert F. Jackson's life through the Office of Federal Employee's Group Life Insurance (OFEGLI) is payable by defendant MetLife.

## V.

Both plaintiff and defendant Mason claim some right, title, and interest in and to the death benefits/proceeds of the MetLife policy now held as MetLife Total Control Account No. 4050839608.

## VI.

Plaintiff and defendant Robert F. Jackson were legally separated at the time of Robert F. Jackson's death. A Decree of Legal Separation entered August 11, 2004 in King County Superior Court Cause No. 04-3-12639-1KNT, copy attached hereto. Pursuant to Paragraph 3.9 of the decree, the MetLife policy was forwarded to plaintiff for the purpose of settling outstanding debts of plaintiff and defendant.

## VII.

At the time of Robert F. Jackson's death, plaintiff and defendant owed more than $100,000 in outstanding and unpaid debt. Defendant Mason agreed to process the claim for death benefits and assist plaintiff with payment of creditors. Defendant Mason provided her social security number, birth date and other personal information to MetLife and also executed an application for benefits as the named beneficiary. Defendant Mason reneged on her word and refused to honor her commitment to plaintiff and the terms of the Decree of Legal Separation.

## VIII.

Plaintiff is entitled to receive claim benefit proceeds held or controlled by defendants in amounts necessary to pay debts and obligations referenced in the Decree of Legal

COMPLAINT FOR RECOVERY OF
INSURANCE PROCEEDS - 2.

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2905

Separation. An order should enter requiring defendant MetLife to hold funds pending final determination of this action.

WHEREFORE, plaintiff prays as follows:

1. For entry of an order requiring defendant MetLife to hold funds payable as a result of the death of Robert F. Jackson pending further corder of the court; and

2. For entry of an order awarding insurance funds held by defendant to plaintiff in amounts necessary to satisfy the terms and requirements of the Decree of Separation; and,

3. For an award of costs and reasonable attorney's fees to plaintiff incurred as a result of this action; and

4. For such other and further relief as the court deems just and equitable.

Dated this 28th day of April, 2006.

Frank R. Siderius         WSBA 7759
SIDERIUS LONERGAN & MARTIN LLP
Attorneys for Plaintiff

COMPLAINT FOR RECOVERY OF
INSURANCE PROCEEDS - 3.

SIDERIUS, LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

PHOTOCOPY

FILED
04 AUG 11 PM 12:00
KING COUNTY
SUPERIOR COURT CLERK
KENT, WA



EXP04

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF KING

In re the Marriage of:          NO. 04-3-12639-1 KNT

CRISTINA JACKSON,

         Petitioner,        DECREE OF LEGAL SEPARATION

and

ROBERT JACKSON,        [ ] Clerk's Action Required
                                          (See paragraph 3.11)

         Respondent.

### I. JUDGMENT/ORDER SUMMARY

1.1    RESTRAINING ORDER SUMMARY:

       Does Not Apply.

1.2    MONEY JUDGMENT SUMMARY:

       Does not apply.

### II. BASIS

This matter has come before this court, the court considered the case record to date and has previously entered its findings of fact and conclusions of law.

DECREE OF
LEGAL SEPARATION       -1-

## III. DECREE

IT IS DECREED that:

3.1    STATUS OF THE MARRIAGE.

The husband and wife are legally separated.

3.2    PARENTING PLAN

Does not apply.

3.3    CHILD SUPPORT

Does not apply.

3.4    PROPERTY TO BE AWARDED THE HUSBAND

The husband is awarded as his separate property the following:

- a.    The furniture and household belongings currently in his possession.

- b.    Vehicle: 2002 Toyota Highlander, License No. 748 RSP; and

- c.    His bank accounts.

- d.    As the real property at 4634 South 288th Place, Auburn, Washington, is to be sold in conjunction with this separation action and as it is intended that the wife use the proceeds from the sale to pay off community debts, the husband shall not share in the proceeds from the sale of the property as the wife is assuming the responsibility for paying off the majority of the community debt.

3.5    PROPERTY TO BE AWARDED TO THE WIFE

The wife is awarded as her separate property:

- a.    The furniture and household belongings currently in her possession;

- b.    Vehicle: 2003 Lexus 330, License Plate No. KTTYMOM;

- c.    Her bank accounts; and

- d.    The house and real property at 4634 South 288th Place, Auburn, Washington.

3.6 OBLIGATIONS TO BE PAID BY THE HUSBAND.

[X] The husband shall pay the following debts and liabilities to the following creditors:

| Creditor | Amount |
|---|---|
| NAVY FEDERAL CREDIT UNION | $32,000 |
| WELLSFARGO BANK | $25,000 |

Unless otherwise provided herein, the husband shall pay all liabilities incurred by him since the date of separation.

3.7 OBLIGATIONS TO BE PAID BY THE WIFE.

[X] The wife shall pay the following debts and liabilities to the following creditors:

| Creditor | Amount |
|---|---|
| Ameriquest Mortgage | $216,000 |
| Watermark Credit Union | $40,000 |
| Bank One | $29,000 |
| American Express | $10,000 |
| Chase Bank | $ 9,000 |
| Sears Card | $ 9,000 |
| Navy Federal Credit Union | $10,000 |

Unless otherwise provided herein, the wife shall pay all liabilities incurred by her since the date of separation.

3.8 HOLD HARMLESS PROVISION.

Each party is required to pay all debt incurred since the date of separation and to hold the other party harmless from any collection action relating to separate or community debt, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.

3.9 SPOUSAL MAINTENANCE.

Does not apply. However, should the wife survive the husband, considering the magnitude of debt assigned to the wife, proceeds from the husband's estate should be awarded to the wife to help settle all outstanding debts. Any insurance policy/policies owned by the deceased shall be awarded to the wife for the same reason. In the event that dissolution of marriage is ordered, survivor benefits on said insurance policy/policies shall be awarded to the wife as though the dissolution was never ordered.

3.10 NAME CHANGES. CRISTINA JHENELLE A. JACKSON

3.11  RESTRAINING ORDER.

   Does not apply.

3.12  ATTORNEY'S FEES AND COSTS.

   Does not apply.

3.13  OTHER:

   Does not apply.

Dated: August 11 2004

Judge/Commissioner
ORIGINAL
& ATTACHMENTS
APPROVED
AUG 11 2004
ERIC B. WATNESS

Presented by:

Darrel Johnson
Darrel Johnson, WSBA #7088
Attorney for Cristina Jackson

Approved for entry:

Robert Jackson

DECREE OF
LEGAL SEPARATION       -4-

Exhibit B

THE HONORABLE [JUDGE]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTINA JACKSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BARBARA MASON; METROPOLITAN LIFE INSURANCE COMPANY, aka METLIFE,<br><br>　　　　　Defendants. | No.:<br><br>CONSENT TO REMOVAL |

Defendant Barbara Mason consents to the removal to this Court of the action originally brought by plaintiff in the Superior Court of the State of Washington for King County, Case No. 06-2-16050-9 SEA.

DATED this 1st day of June, 2006.

By /s/ Barbara Mason
　　Barbara Mason

3494031.1

CONSENT TO REMOVAL:　　　　　　　　　　　Page 1　　Bullivant|Houser|Bailey PC
No.:

1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone 206.292.8930