UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRISTINA JACKSON,

    Plaintiff,

    v.

BARBARA MASON, *et al.*,

    Defendants

Case No. C06-789RSL

ORDER DENYING SECOND MOTION FOR DEFAULT JUDGMENT AND VACATING ORDER OF DEFAULT

This matter comes before the Court on plaintiff's motion for entry of default judgment against defendant Barbara Mason (Dkt. #21). The Clerk of the Court granted plaintiff's motion for default on January 24, 2007. The facts underlying the parties' dispute are set forth in this Court's order Granting MetLife's Motion for Summary Judgment and will not be repeated here.

Plaintiff is not entitled to a default judgment for several reasons. First, she requests an order requiring MetLife to distribute funds to her and Mason. As the Court has ruled, MetLife properly paid the funds to Mason, the designated beneficiary. Second, although plaintiff alleges that she is entitled to judgment against Mason based on the parties' oral agreement, the complaint does not contain facts to show that a

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT AND VACATING DEFAULT - 1

contract exists. Specifically, it does not allege a basis for consideration. Furthermore, Mason disputes plaintiff's right to any of the proceeds and issues of fact appear to exist. Third, Mason has appeared in this case, she promptly opposed the motion, and she is now defending. Accordingly, entry of default judgment is not warranted.

The finding that the entry of default judgment is not warranted leads to questions regarding whether the default against Mason should stand. Mason has not specifically moved to set aside the default, but Federal Rule of Civil Procedure 55(c) does not require a motion unlike, for example, Rule 60(b) for relief from judgment.[1] The Court may set aside a default for good cause shown. Fed. R. Civ. P. 55(c). The Court considers (1) whether the moving party was willful or culpable in the default, (2) whether the non-moving party would be prejudiced if entry of default is set aside, and (3) whether the moving party has a meritorious defense. See, e.g., Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) ("Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits").

Mason is proceeding *pro se*. While that fact in itself does not constitute good cause, it is relevant. Mason promptly opposed this motion, and there is no evidence that

---

[1] Even if a motion were required, "the federal courts often view opposition to a motion for the entry of a default judgment as a motion to set aside the default, whether or not a formal motion under Rule 55(c) has been made. In this situation a decision to deny the motion for the entry of a default judgment is accompanied by an order to set aside the default and to proceed to a trial on the merits of the action." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 (1998).

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT AND VACATING DEFAULT - 2

she has acted willfully or with culpable intent. Furthermore, Mason has a meritorious defense and has presented some evidence that plaintiff has perpetrated a fraud regarding the proceeds. Plaintiff will not be prejudiced by an order setting aside the default. Mason filed her "objections" to plaintiff's motion for default shortly after it was filed. Although her objections were not received before the Clerk granted the default, plaintiff was promptly notified of Mason's intent to defend in this action. The Court also prefers to resolve matters on the merits.

For all of the foregoing reasons, plaintiff's motion for default judgment (Dkt. #21) is DENIED. The order of default against defendant Mason is VACATED.

DATED this 30th day of March, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT AND VACATING DEFAULT - 3