UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRISTINA JACKSON,

    Plaintiff,

    v.

BARBARA MASON, *et al.*,

    Defendants

Case No. C06-789RSL

ORDER GRANTING METLIFE'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #18) filed by defendant the Metropolitan Life Insurance Company ("MetLife"). MetLife requests an order declaring that the insurance proceeds at issue in this case are payable in accordance with federal law, vacating a preliminary injunction prohibiting MetLife from distributing the proceeds, and declaring that MetLife has satisfied its obligation with respect to the proceeds.

For the reasons set forth below, the Court grants MetLife's motion.

## II. DISCUSSION

**A.   Background Facts.**

ORDER GRANTING METLIFE's
MOTION FOR SUMMARY JUDGMENT - 1

1     Plaintiff's ex-husband, decedent Robert Jackson (the "insured"), was insured
2 under a Federal Employee's Group Life Insurance ("FEGLI") Policy (the "Policy")
3 issued by MetLife to the United States Office of Personnel Management ("OPM"). The
4 insured designated his daughter, defendant Barbara Mason, as his beneficiary under the
5 Policy. In January 2006, MetLife received a claim form bearing the purported signature
6 of Mason. In response, in February 2006, MetLife set up a Total Control Account
7 ("TCA") in Mason's name and deposited the proceeds of the insured's coverage under
8 the Policy (the "proceeds"), totaling $162,044.099 into the TCA. MetLife also sent a
9 booklet of checks to Mason. Seven checks, all dated February 16, 2006 and totaling
10 $155,105.12 were drawn from the TCA.

11     On February 27, 2006, MetLife received a telephone call from Mason informing
12 MetLife that she did not fill out the claim form, she never received the checks, she did
13 not sign the checks that had been drawn on the TCA, and she believed that her
14 stepmother, the plaintiff, had signed the checks. Based on that conversation, MetLife
15 immediately suspended the TCA and attempted to recover the checks that had been
16 drawn on it.

17     Plaintiff filed her complaint in King County Superior Court on May 9, 2006
18 arguing that she is entitled to the proceeds pursuant to a decree of legal separation which
19 contains the following language:

> [S]hould the wife survive the husband, considering the magnitude of debt assigned to the wife, proceeds from the husband's estate should be awarded to the wife to help settle all outstanding debts. Any insurance policy/policies owned by the deceased shall be awarded to the wife for the same reason.

Complaint at ¶ VI. Plaintiff alleges that she and Mason orally agreed that the proceeds would be allocated to plaintiff pursuant to the decree of legal separation. The King County Superior Court granted a preliminary injunction on June 1, 2006 enjoining

ORDER GRANTING METLIFE's
MOTION FOR SUMMARY JUDGMENT - 2

MetLife from distributing the proceeds. MetLife suspended the TCA and has taken no further steps to distribute the proceeds. Defendants promptly removed the case to this Court based on federal question jurisdiction and diversity of the parties.

**B.   Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.   Analysis.**

In its motion, MetLife argued that it is entitled to summary judgment for three reasons. First, plaintiff's claim is preempted by the Federal Employees' Group Life Insurance Act, ("FEGLIA"), 5 U.S.C. § 8701, *et seq*. Second, according to the order of precedence set forth in FEGLIA, Mason is the only individual entitled to the proceeds. Third, MetLife argues that it discharged its obligation under the Policy by paying the proceeds to Mason, the designated beneficiary.

Plaintiff concedes that her claim is preempted and the Court so finds. FEGLIA contains explicit preemption language. 5 U.S.C. § 8709(d)(1); see also Metropolitan Life Ins. Co. v. Holland, 134 F. Supp. 2d 1197, 1200 (D. Or. 2001) (explaining that FEGLIA "occupies the field of federal group life insurance" and preempts conflicting state law). Furthermore, compliance with both the decree of legal separation and

1 FEGLIA presents an actual conflict because compliance with both is impossible.
2 Plaintiff alleges that the decree of legal separation entitles her to the proceeds, but
3 FEGLIA provides the order of precedence to pay proceeds.  5 U.S.C. § 8705(a).  The
4 benefits are directed first to the designated beneficiary, who is Mason.  The decree of
5 legal separation is preempted because it conflicts with and purports to direct the
6 proceeds to someone other than the beneficiary as identified by FEGLIA.  FEGLIA also
7 provides, "An insured individual . . . may change his/her beneficiary at any time without
8 the knowledge or consent of the previous beneficiary.  This right cannot be waived or
9 restricted."  5 C.F.R. § 870.802(f).  Therefore, the decree of legal separation is
10 preempted because it restricts the insured's right to change beneficiaries at any time.

11   FEGLIA also provides that the provisions of divorce and separation decrees
12 purporting to require payment to a particular person are effective only if the decree is
13 submitted to the correct federal agency prior to the insured's death.  5 U.S.C. §
14 8705(e)(1); 5 C.F.R. § 870.801(d)(2).  Plaintiff concedes that the decree of legal
15 separation was not submitted prior to the insured's death.  Accordingly, MetLife was
16 required to follow the beneficiary designation and pay the proceeds to Mason, which it
17 has done.  Plaintiff concedes that MetLife has discharged its obligation under the Policy
18 and "should be discharged from liability with respect to the proceeds . . . ."  Plaintiff's
19 Response at p. 3.

20   Nevertheless, plaintiff argues in her response to the motion that MetLife should
21 remain a defendant because it "is joined in this action as a financial institution and not as
22 an insurance company required to pay out insurance policy proceeds to disputing
23 claimants."  Plaintiff's Response at p. 2 ("The only reason for involvement of MetLife in
24 this case is to block distribution of the funds in the account pending resolution of the
25
26 ORDER GRANTING METLIFE's
MOTION FOR SUMMARY JUDGMENT - 4

state law conflict between plaintiff and defendant Barbara Mason"). Plaintiff requests that the Court dismiss MetLife only upon tender of the funds in the TCA to the registry of this Court.

Plaintiff's request, and its naming of MetLife as a defendant to obtain that relief, are inappropriate. Plaintiff filed this lawsuit against MetLife arguing that she was entitled to the proceeds. However, she now concedes that MetLife properly discharged its obligation and her only claim to the proceeds arises from her alleged oral agreement with Mason. That claim does not involve MetLife, and MetLife's presence as a defendant is not needed for its adjudication. Furthermore, plaintiff has not moved for, nor is she entitled to, a prejudgment writ of garnishment or attachment on the proceeds. Therefore, MetLife is entitled to dismissal of the claims against it.

The Court also considers MetLife's request to vacate the preliminary injunction previously entered in this case. That injunction, which was directed only towards MetLife, enjoined MetLife "from distributing or paying out [the proceeds]" pending further order of the court. Certificate of Attorney (Dkt. #2) (attaching state court records). The Court vacates the preliminary injunction because Mason was the proper beneficiary, and MetLife appropriately paid the proceeds into the TCA on her behalf.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS MetLife's motion for summary judgment (Dkt. #18). Plaintiff's claims against MetLife are dismissed with

ORDER GRANTING METLIFE's
MOTION FOR SUMMARY JUDGMENT - 5

prejudice.

DATED this 2nd day of April, 2007.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING METLIFE's
MOTION FOR SUMMARY JUDGMENT - 6